UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              :
                                                    :       Chapter 7
**FELIX AUGUSTO MANJARREZ,**                        :
                                                    :       Case No. 24-11827 (MEW)
                        Debtor.                     :
_____
**FELIX-AUGUSTO: MANJARREZ, Surety and**            :
**Real Party in Interest,**                         :
                                                    :
                        Plaintiff,                  :
                                                    :
            v.                                      :       Adv. Pro. No. 25-01094 (MEW)
                                                    :
**SUNTRUST MORTGAGE, INC. (n/k/a**                  :
**Truist Financial Corp.), TRUIST BANK, N.A.,**     :
**THE FEDERAL SAVINGS BANK, HSBC**                  :
**BANK USA, NATIONAL ASSOCIATION,**                 :
**WELLS FARGO ASSET SECURITIES, CORP.,**            :
                                                    :
                        Defendants.                 :
-------------------------------------------------------------x

## DECISION AND ORDER GRANTING, WITH PREJUDICE, MOTIONS TO DISMISS IN FAVOR OF THE FEDERAL SAVINGS BANK AND TRUIST BANK, N.A.

Felix Augusto Manjarrez is the debtor in this chapter 7 case. The Complaint lists "Felix-Augusto: Manjarrez, Surety and Real Party-in-Interest" as the plaintiff. However, during a hearing on August 5, 2025, Mr. Manjarrez acknowledged that the alleged surety and the debtor are the same individual.

Mr. Manjarrez's claims against The Federal Savings Bank ("FSB") and Truist Bank, N.A. ("Truist") pertain to a promissory note that Mr. Manjarrez signed in favor of FSB dated July 29, 2015. The note was secured by real property located at 2922 Ely Avenue, Bronx, NY 10469. The Complaint alleges and acknowledges that FSB assigned the note and the mortgage to Truist. *See* Compl. ¶ 9, ECF No. 1.

1

On May 23, 2016, a foreclosure action was filed in state court under Index No. 32450/2016E ("Foreclosure Action"). On February 1, 2019, the state court entered a judgment of foreclosure and sale (the "Judgment") in favor of Truist. Mr. Manjarrez acknowledged at the hearing on August 5, 2025, that he did not appeal from the foreclosure judgment. On August 30, 2024, the state court entered an order allowing the sale to proceed and allowing the plaintiff to republish the notice of sale. A foreclosure sale still has not yet occurred, however, and the most recent effort to schedule one was stayed by the filing of this bankruptcy case.

The Complaint in this adversary proceeding asks me to declare that the plaintiff is the "Subrogee and equitable Receiver" of the defendants. It also seeks damages based on contentions that (a) the defendants were unjustly enriched by assigning the note and mortgage, which allegedly amounted to a "conversion" of plaintiff's property; (b) the defendants allegedly violated IRS reporting requirements regarding the assignments; and (c) the defendants allegedly "induced" Mr. Manjarrez's consent "under fraudulent pretenses" by concealing their intention to "securitize" the note. Finally, the Complaint seeks a full accounting and copies of all pooling and servicing agreements, trust documents, assignment documents and custodian records, and an injunction against any further efforts to enforce the note or to foreclose against the property.

Truist filed a Motion to Dismiss [ECF No. 8]; and FSB also filed a Motion to Dismiss [ECF No. 9] (together the "Motions to Dismiss"). Mr. Manjarrez filed an Opposition [ECF No. 17]; and FSB and Truist each filed a Reply [ECF Nos. 24 and 25]. On August 5, 2025, the Court held a hearing on the FSB and Truist Motions to Dismiss (the "Hearing"). The other defendants have also filed motions to dismiss but they are not scheduled to be heard until later in August.

Truist and FSB argue, in part, that Mr. Manjarrez's claims are barred by res judicata and the *Rooker-Feldman* doctrine. I agree. "Under res judicata, a final judgment on the merits of an

action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In New York, "[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *In re Mehl*, 660 B.R. 353, 364 (Bankr. S.D.N.Y. 2024) (citing *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)). At the Hearing, Mr. Manjarrez admitted that the claims in this adversary proceeding represent issues that he raised before the state court in the foreclosure action. Any issues raised in that action (or that could and should have been raised there) are now barred by res judicata as a result of the entry of the state court judgment and the absence of any pending appeal.

Mr. Manjarrez may be dissatisfied with the outcome of the state court proceedings, but this Court is barred under the *Rooker-Feldman* doctrine from entertaining challenges of the kind that Mr. Manjarrez wishes to assert. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The United States Court of Appeals for the Second Circuit has held that there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite federal court review and rejection of that judgment; and (4) the state court judgment must have been entered before the federal court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d. Cir. 2005) (citing *Exxon Mobil*, 544 U.S. at 281. Here, the four requirements are met. The plaintiff in this adversary proceeding was a losing party in the foreclosure action and the judgment was entered against Mr. Manjarrez; the Complaint includes

3

injuries caused by the judgment and the enforcement of the note, and by the rejection of the various claims and defenses that he previously asserted in the state court, Mr. Manjarrez stated at the Hearing that he does not believe that the state court properly considered his arguments and so he is requesting that I address them through this adversary proceeding; and the state court judgment was entered on February 1, 2019, long before this adversary proceeding was filed on May 7, 2025.

In analogous cases, federal courts in this Circuit have consistently rejected collateral attacks on state court foreclosure judgments. *See Ford v. U.S Dept. of Treasury IRS*, 50 Fed. App'x. 490 (2d. Cir. 2002) (holding that Rooker-Feldman barred plaintiff's attempt to seek reversal of a state court foreclosure judgment on grounds of fraud); *In re Mehl*, 660 B.R. 353, 363–64 (Bankr. S.D.N.Y. 2024) (applying Rooker-Feldman as a bar to a bankruptcy court challenge to a foreclosure judgment); *In re Moise*, 575 B.R. 191, 202 (Bankr. E.D.N.Y. 2017) (courts in this Circuit "have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker- Feldman doctrine") (citing *Feinstein v. Chase Manhattan Bank*, No. 06-cv-1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006)); *In re Arensberg*, No. 23-11740-MEW, 2024 WL 3296737, at *2 (Bankr. S.D.N.Y. July 3, 2024) (collecting cases).

It is not necessary to reach the other grounds for dismissal urged by FSB and Truist, though there appears to be merit to many of them. For the reasons discussed above, it is hereby

**ORDERED**, that the Motions to Dismiss are GRANTED, with prejudice, in favor of defendants The Federal Savings Bank and Truist Bank, N.A.

Dated:  New York, New York
        August 13, 2025

                              **s/Michael E. Wiles**
                              HONORABLE MICHAEL E. WILES
                              UNITED STATES BANKRUPTCY JUDGE

4