UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :  Chapter 7
FELIX AUGUSTO MANJARREZ,                                       :
                                                               :  Case No. 24-11827 (MEW)
                                         Debtor.               :
_____                        :
FELIX-AUGUSTO: MANJARREZ, Surety and                           :
Real Party in Interest,                                        :
                                                               :
                                         Plaintiff,            :
                                                               :
                              v.                               :  Adv. Pro. No. 25-01094 (MEW)
                                                               :
SUNTRUST MORTGAGE, INC. (n/k/a                                 :
Truist Financial Corp.), TRUIST BANK, N.A.,                    :
THE FEDERAL SAVINGS BANK, HSBC                                 :
BANK USA, NATIONAL ASSOCIATION,                                :
WELLS FARGO ASSET SECURITIES, CORP.,                           :
                                                               :
                                         Defendants.           :
---------------------------------------------------------------x

**DECISION GRANTING, WITH PREJUDICE, THE
MOTION TO DISMISS THE COMPLAINT AGAINST WELLS
FARGO ASSET SECURITIES CORP. AND HSBC BANK USA, N.A.**

Felix Augusto Manjarrez is the debtor in this chapter 7 case. The Complaint lists "Felix-Augusto: Manjarrez, Surety and Real Party-in-Interest" as the plaintiff. However, during a hearing on August 5, 2025, Mr. Manjarrez acknowledged that the alleged surety and the debtor are the same individual.

The claims asserted in this adversary proceeding relate to a promissory note dated July 29, 2015 (the "Note") that Mr. Manjarrez signed in favor of a recently dismissed Defendant, The Federal Savings Bank. The Note was later assigned to another dismissed Defendant, Truist Bank N.A. *See* Order, ECF No. 30. Wells Fargo Asset Securities Corp. ("Wells Fargo") and HSBC Bank USA, N.A. ("HSBC") have also been named as defendants in this adversary proceeding.

However, neither Wells Fargo nor HSBC was a party to the Note. *See* Compl. ¶ 9, ECF No. 1. It appears, instead, that Wells Fargo and HSBC were parties to an earlier mortgage loan that had been secured by the same property.

Wells Fargo and HSBC filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim. [ECF No. 20.] Mr. Manjarrez filed an Opposition [ECF No. 31] and Wells Fargo and HSBC filed a Reply. [ECF No. 32.] On August 26, 2025, the Court held a hearing on the Motion to Dismiss. As instructed during the hearing, Wells Fargo and HSBC subsequently filed Supplemental Exhibits [ECF No. 33] pertaining to the Foreclosure Action.

The record shows that on May 23, 2016, Truist Bank commenced a foreclosure action in state court under Index No. 32450/2016E ("Foreclosure Action"). The complaint (the "State Complaint") named Mr. Manjarrez as a defendant, and also named Wells Fargo and HSBC as co-defendants. *See* Suppl. Ex., State Compl. ¶ 27. The State Complaint alleged that a lien remained of record in favor of Wells Fargo and HSBC; that the debt secured by that lien had already been satisfied; that "more than 90 days have passed since the . . . loan was satisfied"; but that "the public record reflects that a certificate of discharge or satisfaction of mortgage was not presented to the County Clerk within ninety (90) days of satisfying the mortgage." *Id*. at ¶¶ 30, 31. On the basis of these allegations Truist sought a declaration that the Wells Fargo and HSBC lien was no longer valid.

The docket for the Foreclosure Action shows that Wells Fargo and HSBC did not file an answer and did not otherwise appear. Mr. Manjarrez apparently defaulted as well. On February 1, 2019, the state court entered a judgment of foreclosure and sale (the "Judgment") in favor of Truist Bank. The state court judgment cancelled the lien that had been filed in favor of Wells Fargo and HSBC.

2

The Complaint in this adversary proceeding asks me to declare that the Plaintiff is the "Subrogee and equitable Receiver" of each of the defendants. It also seeks damages based on contentions that (a) the defendants were unjustly enriched by FSB's and/or Truist's assignments of the note and mortgage to an unidentified securitization trust, which allegedly amounted to a "conversion" of plaintiff's own property; (b) the defendants allegedly violated IRS reporting requirements regarding the assignments; and (c) the defendants allegedly "induced" Mr. Manjarrez's consent to the loan "under fraudulent pretenses" by concealing their intention to "securitize" the note. The Complaint also seeks a full accounting and copies of all pooling and servicing agreements, trust documents, assignment documents and custodian records relating to the alleged securitization, and an injunction against any further efforts to enforce the note or to foreclose against the property.

I previously dismissed the claims against Truist Bank and Federal Savings Bank on the ground that the state court foreclosure judgment barred those claims, and on the ground that Mr. Manjarrez's request that I review the state court's decisions was barred by the *Rooker-Feldman* doctrine. ECF No. 30. HSBC and Wells Fargo now seek relief on the same ground. They contend that Mr. Manjarrez was obligated to assert, in the foreclosure action, any claims that he had against his co-defendants (Wells Fargo and HSBC), and that his failure to do so acts as a bar to his claims. This does not appear to be the law in New York State. *See, e.g., Rojas v. Romanoff*, 186 A.D.2d 103, 109–10 (1st Dept. 2020) (holding that co-defendants are not "adversaries" for purposes of claim and issue preclusion doctrines and that a judgment in favor of a plaintiff does not bar a separate action by a defendant against another defendant); *City of New York v. Welsbach Elec. Corp.*, 9 NY3d 124 (2007) (holding that a judgment does not bar a claim by one defendant against another unless the claim was actually asserted in the prior

3

action). There is no allegation that Mr. Manjarrez actually asserted claims against Wells Fargo and HSBC in the state court action, and so there appears to be no basis for the application of collateral estoppel, res judicata or other preclusion doctrines.

It does not matter, however, because the claims asserted by Mr. Manjarrez against Wells Fargo and HSBC are subject to dismissal on their merits.

First, the claims asserted in Mr. Manjarrez's Complaint are based on the Note executed between Mr. Manjarrez and The Federal Savings Bank. Compl. ¶¶ 8–10. Neither Wells Fargo nor HSBC was a party to that Note, and there is no indication that the Note was subsequently assigned to either of them. The allegations therefore pertain to a transaction to which Wells Fargo and HSBC were not parties, and for which no ground for liability has been identified.

Second, the asserted claims lack merit, or are barred by statutes of limitation, even if I were to treat them as somehow being related to the prior mortgage loan that was made by Wells Fargo and HSBC.

The first claim asks for a declaration that the plaintiff is "equitably subrogated" to the rights of his lenders. Equitable subrogation may occur if one party discharges an obligation that is owed by a different party. *Carol Ruth, Inc. v. Provident Life and Acc. Ins. Co.*, 90 Civ 2400 (SWK)(LB), 1995 WL 130530, at *6 (S.D.N.Y. Mar. 24, 1995), *aff'd*, 101 F.3d 683 (2d Cir. 1996); *In re Richardson Foods, Inc.*, 667 B.R. 500, 532 (Bankr. S.D.N.Y. 2025). At a prior hearing Mr. Manjarrez acknowledged that his subrogation argument is based on the theory that the payments that he made to his lenders gave him the rights of a subrogee. Since the plaintiff and the borrower here are one and the same individual (as Mr. Manjarrez has admitted), there is no basis for a subrogation claim.

4

The second claim alleges that defendants were unjustly enriched by securitizing the loans made to Mr. Manjarrez, thereby allegedly "converting Plaintiff's property into securities without compensation or disclosure." Compl. ¶ 13. A claim of unjust enrichment requires, among other things, allegations that defendants were enriched at the expense of the plaintiff. *In re Celsius Network LLC*, 664 B.R. 85, 98 (Bankr. S.D.N.Y. 2024). Here, there is no legal basis for Mr. Manjarrez's contention that a loan securitization was a conversion of property belonging to Mr. Manjarrez himself. The rights of the lender under the mortgage documents belonged to HSBC and Wells Fargo. They were legally free to assign those rights unless the mortgage documents said otherwise, and the HSBC and Wells Fargo mortgage documents did not prohibit an assignment. There is therefore no basis for any contention that HSBC and Wells Fargo "converted" any property belonging to Mr. Manjarrez himself, or that they were enriched at his expense.

The third claim alleges that HSBC and Wells Fargo allegedly violated IRS reporting requirements under sections 6045 and 6050P of Title 26. There is no private cause of action for this alleged conduct. *Hall v. Barclays Bank Delaware,* No. 3:24-CV-349-CEA-DCP, 2024 WL 5286466, at *4 (E.D. Tenn. Dec. 17, 2024) (no private cause of action to enforce 26 U.S.C. § 6050P); *Smith v. Ind. Valley Title Ins. Co.*, 957 F.2d 90, 93–94 (3d Cir. 1992) (no private action to enforce 26 U.S.C. § 6045).

The fourth claim alleges fraud in the inducement and securities fraud. However, the Complaint does not specify any communications that allegedly were fraudulent. Fed. R. Civil P. 9(b), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7009 requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Bankr. P. 7009. "[T]he complaint must: (1) specify the statements that the plaintiff contends were

5

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 290 (2d Cir. 2006) (citing *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993)). Securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934 must also satisfy the heightened pleading requirements of Rule 9(b). *In re Lottery.com, Inc. Sec. Litig.*, 715 F. Supp. 3d 506, 532 (S.D.N.Y. 2024). The Complaint fails to meet these requirements.

I would consider granting leave to replead if specificity were the only problem. However, the fraud claims also plainly are barred by the applicable statutes of limitation. Under New York state law, fraud claims must be asserted within six (6) years from the date of the cause of action or two (2) years from the time that the fraud was discovered or could have been discovered with reasonable diligence. N.Y. C.P.L.R. § 213(8) (McKinney 2022). Mr. Manjarrez's claims relate to a "mortgage transaction entered on or about August 24, 2015." Compl. ¶¶ 8–10. This adversary proceeding was filed in May 2025, almost ten years later and well beyond the six-year requirement. If the Complaint somehow were interpreted as applying to the earlier loan to which HSBC and Wells Fargo were parties, the claims would be even more untimely.

It is also plain that more than two years have passed from Mr. Manjarrez's discovery of the alleged fraud. The complaint in the Foreclosure Action was filed in May 2016, and judgment was entered in February 2019. By his own prior admission Mr. Manjarrez asserted (as defenses in the state court to the claims made by Truist) the same arguments and fraud claims that he has attempted to assert in this adversary proceeding. It may well be that Mr. Manjarrez was not obligated, under claim preclusion theories, to sue Wells Fargo and HSBC in the state court. However, the fact that he made claims against Truist and Federal Savings Bank shows that he

6

was aware of his claims some time prior to the entry of the foreclosure judgment. More than six years have passed since the foreclosure judgment was entered.

Securities fraud claims are also barred. Such claims must be asserted no later than the earlier of two (2) years after the discovery of the facts constituting the violation or five (5) years after such violation. 28 U.S.C. § 1658(b)(1), (2). For the reasons stated above, the claims in this adversary proceeding plainly arose more than five years ago and were known to Mr. Manjarrez more than two years ago. The securities fraud claims therefore are untimely.

The fifth claim asks for a "full accounting" of documents relating to the alleged securitization and to various trusts that were created in connection with that securitization. A claim for an accounting requires, among other things, an allegation of a fiduciary relationship between the plaintiff and the defendants. *In re Celsius Network LLC,* No. 22-10964 (MG), 2022 WL 17541051, at *14 (Bankr. S.D.N.Y. Dec. 8, 2022). There is no such allegation in the Complaint. Mr. Manjarrez was not a party to any of the securitization trust arrangements or a beneficiary of them. He was just the borrower in the underlying transaction, not a beneficiary of any trust that was created.

## Conclusion

For the foregoing reasons, the Complaint will be dismissed, with prejudice, insofar as it relates to HSBC and Wells Fargo. A separate Order will be issued to this effect.

Dated: New York, New York
September 26, 2025

                                           **s/Michael E. Wiles**
                                           HONORABLE MICHAEL E. WILES
                                           UNITED STATES BANKRUPTCY JUDGE