UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                         :
                                                               :    Chapter 7
FELIX AUGUSTO MANJARREZ,                                       :
                                                               :    Case No. 24-11827 (MEW)
                              Debtor.                          :
_____                        :
FELIX-AUGUSTO: MANJARREZ, Surety and                           :
Real Party in Interest,                                        :
                                                               :
                              Plaintiff,                       :
                                                               :
              v.                                               :    Adv. Pro. No. 25-01094 (MEW)
                                                               :
SUNTRUST MORTGAGE, INC. (n/k/a                                 :
Truist Financial Corp.), TRUIST BANK, N.A.,                    :
THE FEDERAL SAVINGS BANK, HSBC                                 :
BANK USA, NATIONAL ASSOCIATION,                                :
WELLS FARGO ASSET SECURITIES, CORP.,                           :
                                                               :
                              Defendants.                      :
------------------------------------------------------------------x

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

Felix Augusto Manjarrez is the debtor in this chapter 7 case. I entered a Decision and Order on August 13, 2025 that dismissed the claims asserted against defendants Truist Bank and The Federal Savings Bank. ECF No. 30. Mr. Manjarrez has asked for reconsideration of those rulings. ECF Nos. 34, 36, 39.

Motions for reconsideration are not proper "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Mr. Manjarrez has not done so.

Mr. Manjarrez first contends that I misapplied the principles of res judicata and the *Rooker Feldman* doctrine, on the theory that his present claims "go beyond foreclosure defenses

and instead assert independent equitable and statutory causes of action." During a prior hearing, however, Mr. Manjarrez acknowledged that he had actually raised these same claims and theories in the state court foreclosure action, and that they had been rejected by the state court. Based on the admitted facts, the Court property applied the res judicata and *Rooker-Feldman* doctrines.

Mr. Manjarrez also contends that equity demands reconsideration because Truist and FSB allegedly owed fiduciary obligations to him. There is no such allegation in the Complaint. The Complaint alleges that Truist and FSB were lenders, not fiduciaries. If there was a securitization trust, it was for the benefit of investors in that trust. Mr. Manjarrez was the borrower, not a trust beneficiary.

Mr. Manjarrez also contends that the Court did not consider his equitable subrogation claims. It was not necessary to do so in light of the application of res judicata and the *Rooker-Feldman* doctrine. For the reasons set forth in a separate decision regarding the claims asserted against other defendants, however, it is plain that there is no merit to the equitable subrogation claim. That theory appears to be based on a contention that the Plaintiff in this adversary proceeding is somehow separate from Mr. Manjarrez himself, though at oral argument Mr. Manjarrez agreed that the Plaintiff and the borrower here are one and the same human being.

Mr. Manjarrez contends that I should only have dismissed his claims "without prejudice" so that he could assert those claims elsewhere. That would not have been proper. The claims are barred, and permitting them to be pursued in yet another forum would violate the Defendants' rights.

Mr. Manjarrez has also submitted a "supplemental" motion in which he purports to provide evidence of fraud, and has subsequently filed a reply in which he restates his positions.

2

Both fail to provide any ground for relief given the application of res judicata and the *Rooker-Feldman* doctrine.

For the foregoing reasons, it is hereby

**ORDERED**, that the motion for reconsideration is denied.

Dated: New York, New York
September 26, 2025

<u>s/Michael E. Wiles</u>
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE
